UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KERRY GRATTON,

        Plaintiff,

        v.                                                Case No. 23-cv-1647-bhl

CIELO, INC,

        Defendant.

## ORDER ON PARTIES' JOINT MOTIONS AND DISMISSAL OF CASE

        On July 10, 2024, the parties filed a joint motion for approval of settlement, ECF No. 12, resolving this Fair Labor Standards Act (FLSA) case and a joint motion to file confidential settlement agreement under seal, ECF No. 11. For the reasons set forth below, the Court will approve the parties' settlement agreement but deny the motion to seal.

### BACKGROUND

        Plaintiff Kerry Gratton began her employment with Defendant Cielo Inc., on November 15, 2021, as a Talent Acquisition Coordinator. (ECF No. 12 at 1.) Gratton was paid hourly and expected to work more than forty (40) hours per week. (*Id.*) She worked 50-60 hours per week but was not paid at the rate of time-and-one-half for overtime hours worked. (*Id.*) On December 8, 2023, Gratton filed this lawsuit asserting the defendant violated the FLSA, 29 U.S.C. § 201, *et seq.*, by failing to pay her overtime. (ECF No. 1.) The parties have now reached a compromise resolution to resolve and release Gratton's claims and seek Court approval of the settlement. The parties also jointly move to file the settlement agreement under seal.

**I.    The Settlement Is a Fair and Reasonable Resolution of a *Bona Fide* Dispute Under the Fair Labor Standards Act.**

        Under the FLSA, settlement agreements for the recovery of unpaid overtime compensation must be approved by the Court in the absence of direct supervision by the Secretary of Labor. *See Wendorf v. Vill. of Plover*, No. 19-cv-251-wmc, 2020 WL 2473759, at *1 (W.D. Wis. May 13,

2020); *Adams v. Walgreen Co.*, No. 14-cv-1208-jps, 2015 WL 4067752, at *2 (E.D. Wis. July 2, 2015) (collecting cases). The governing provision of the FLSA provides:

> The Secretary is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under section 206 or section 207 of this title, and the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under subsection (b) of this section to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages.

29 U.S.C. § 216(c). The Seventh Circuit has explained that "the Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay." *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). But "[s]ection 16(c) creates the possibility of a settlement, supervised by the Secretary to prevent subversion, yet effective to keep out of court disputes that can be compromised honestly." *Id.* Because the Secretary has not supervised this settlement, the Court must approve it. "To determine the fairness of a settlement under the FLSA, the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d at 994–95 (N.D. Ind. 2010) (citations and quotation marks omitted). A reviewing court normally approves a settlement "where it is the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel" and where "serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Id.* at 995 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08-cv-4377, 2010 WL 2545439, at *3 (E.D.N.Y. May 17, 2010) (internal quotation marks omitted)). In addition, "courts may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the proposed settlements for fairness." *Id.* (quoting *Misiewicz*, 2010 WL 2545439 at *3).

In this case, both parties are represented by counsel, who appear to have negotiated in good faith and at arm's length. The Court finds that the payment for attorney's fees is reasonable in relation to the overall settlement and Gratton's statutory rights under the FLSA. The Court will therefore approve the parties' joint motion for approval of settlement, ECF No. 12, finding that the settlement is a fair and reasonable resolution of a *bona fide* dispute under the FLSA.

## II. FLSA Settlements Are Presumptively Public and the Parties' Have Not Rebutted This Presumption.

The parties' also request that portions of the settlement agreement be redacted and the agreement filed under seal. (ECF No. 11.) "Secrecy in judicial proceedings is disfavored, as it makes it difficult for the public (including the bar) to understand why a case was brought (and fought) and what exactly was at stake in it and was the outcome proper." *GEA Grp. AG v. Flex–N–Gate Corp.,* 740 F.3d 411, 419 (7th Cir. 2014). Generally, "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view." *In re Specht,* 622 F.3d 697, 701 (7th Cir. 2010); *see Goesel v. Boley Int'l (H.K.) Ltd.,* 738 F.3d 831, 833 (7th Cir.2013) ("[T]he presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution'; other materials that may have crept into the record are not subject to the presumption.") (quoting *Baxter Int'l, Inc. v. Abbott Labs.,* 297 F.3d 544, 548 (7th Cir. 2002)); *see also Jessup v. Luther,* 277 F.3d 926, 928 (7th Cir.2002) (noting that it is a "strong presumption rather than an absolute rule"). However, "[w]hen there is a compelling interest in secrecy, as in the case of trade secrets, the identity of informers, and the privacy of children, portions, and in extreme cases the entirety of a trial record can be sealed." *Jessup,* 277 F.3d at 928; *see GEA Group,* 740 F.3d at 420 ("[T]he presumption can be overridden by competing interests, as in cases involving trade secrets—arguably in some cases involving settlement agreements—uncontroversially in most cases in which the plaintiff is a child victim of sexual abuse."). This "interest in secrecy is weighed against the competing interests case by case." *Jessup,* 277 F.3d at 928.

Ordinarily settlement agreements are private documents, "not judicial records, and so the issue of balancing the interest in promoting settlements by preserving secrecy against the interest in making public materials upon which judicial decisions are based does not arise—there is no judicial decision." *Id.; see Goesel,* 738 F.3d at 833 (noting that "most settlement agreements never show up in a judicial record and so are not subject to the right of public access," because "[e]ither the agreement is made before a suit is filed (and so the suit is never filed), or, if after, the parties file a stipulation of dismissal and in that event they're not required to make the agreement a part of the court record"). Where judicial approval of the terms of a settlement agreement is required, as in FLSA cases, the "presumption of a right of public access to court documents should apply." *Goesel,* 738 F.3d at 834; *accord Jessup,* 277 F.3d at 929 ("The public has an interest in knowing

what terms of settlement a federal judge would approve and perhaps therefore nudge the parties to agree to."). Court approved FLSA settlements are presumptively public documents. *See, e.g., Bouzzi v. F & J Pine Rest., LLC,* 841 F. Supp. 2d 635, 639 (E.D.N.Y.2012) ("Where ... the FLSA settlement is submitted to the court for approval, the approval process is a judicial act. Consequently, the settlement agreement is a judicial document to which the presumption of public access attaches.").

Following *Goesel*, courts in this Circuit have denied requests to seal judicially-approved settlement agreements. *See, e.g.*, *Adams*, 2015 WL 4067752, at *5; *Gronik v. Balthasar*, No. 10-cv-0954, 2014 WL 2765705, at *1 (E.D. Wis. June 18, 2014); *see also Swarthout v. Ryla Teleservices, Inc.*, No. 4:11-cv-21-prc, 2012 WL 5361756, at *5 (N.D. Ind. Oct. 30, 2012); *Perry v. Nat'l City Bank*, No. 05-cv-891-drh, 2008 WL 427771, at *2 (S.D. Ill. Feb. 14, 2008).

Rebutting the presumption that FLSA settlements are public may be possible if a compelling reason is given. *See GEA Group AG,* 740 F.3d at 420 (noting that the presumption can be overridden—at least "arguably"—"in some cases involving settlement agreements"). That the parties have a confidentiality clause does not equal a compelling reason. *See Goesel,* 738 F.3d at 835 ("... there is potential public value to disclosing settlement terms, including amount, [and thus] parties *have* to give the judge a reason for not disclosing them—and the fact that they don't want to disclose is not a reason.") (citing Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts,* 105 Harv. L. Rev. 427, 492–93 (1991)); *see also Snook v. Valley OB–GYN Clinic, P.C.,* No. 14–cv–12302, 2014 WL 7369904, at *3 (E.D. Mich. Dec. 29, 2014) (collecting cases and stating, in the FLSA context, that "[g]enerally, courts have roundly rejected the argument that confidentiality provisions in settlement agreements are a sufficient interest to overcome the presumption of public access") (internal quotation marks omitted).

In this case, the parties have not articulated a compelling reason for sealing the parties' settlement agreement. The parties simply state that a "key and material" condition of the agreement is that Gratton "not discuss, reveal or otherwise disclose" the terms and conditions, the payment or receipt of money, or the negotiations involved in the Agreement, except for disclosure of such information to attorneys, accountants, financial advisors, and spouses. (ECF No. 11 at 1.) The parties also claim good cause exists for withholding the agreement from the public record because such agreements "encourage[] parties to resolve disputes without further involvement of the courts." (*Id.* at 2.) These self-serving and conclusory statements are insufficient to support a

sealing order. The parties essentially argue that the settlement agreement should be sealed because they have agreed to sealing. This is not enough. *See Bouzzi,* 841 F. Supp. 2d at 640; *Hens v. Clientlogic Operating Corp.,* No. 05-cv-3815, 2010 WL 4340919, at *4 (W.D.N.Y. Nov. 2, 2010) ("Preventing the employee's co-workers or the public from discovering the existence or value of their FLSA rights is an objective unworthy of implementation by a judicial seal."). The parties also cite no case law for their request.

The parties' justifications for sealing certain portions of the settlement agreement are insufficient to rebut the presumption of public access to judicial records. Accordingly, the Court denies the joint motion to file confidential settlement agreement under seal. As noted above, the Court will approve the parties' joint motion for approval of settlement, ECF No. 12, finding that the settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA.

Accordingly,

**IT IS HEREBY ORDERED** that the Joint Motion to File Confidential Settlement Agreement Under Seal, ECF No. 11, is **DENIED**. The parties are directed to file a copy of the Confidential Settlement Agreement and General Release, ECF No. 11-1, unredacted and on the docket.

**IT IS FURTHER ORDERED** that the Joint Motion for Approval of Settlement, ECF No. 12 is **GRANTED**, as the Court finds that the settlement agreement is a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and therefore approves the settlement agreement between Plaintiff and Defendant.

**IT IS FURTHER ORDERED** that this case is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that other than what is provided for in the parties' settlement agreement, each party shall bear its own costs and fees.

Dated at Milwaukee, Wisconsin on July 31, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge